**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES INGRAM,

      Plaintiff,

v.                                                          Case Number 4:15-CV-10888
                                                              HONORABLE TERRENCE G. BERG
H. WALLACE PARKER, et al.,              UNITED STATES DISTRICT JUDGE

      Defendants,

_____/

## <u>ORDER OF SUMMARY DISMISSAL</u>

Plaintiff Charles Ingram ("Plaintiff") is an inmate confined at the Cooper Street Correctional Facility in Jackson, Michigan.  On March 12, 2015, Magistrate Judge R. Steven Whalen entered an order to correct deficiency (Dkt. 3), which required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months.

Magistrate Judge Whalen's order stated that, as another option, Plaintiff could pay the four hundred ($400) dollar filing fee in full.  Plaintiff was given thirty days to comply with the order.  Plaintiff filed an "application to proceed without prepayment of fees or costs (Dkt. 2).  However, contrary to Magistrate Judge Whalen's order, Plaintiff failed to provide the Court with a written authorization to withdraw funds from his prison trust fund account and  also failed to provide the

Court with a certified trust account statement.  To date, Plaintiff has not complied with Magistrate Judge Whalen's deficiency order.

Section 1915(a)(2) of Title 28 of the United States Code requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds.  The moment Plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *See McGore v. Wrigglesworth*, 114 F. 3d at 605.  Plaintiff's

2

application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 Fed. Appx. 530, 533 (3d Cir. 2010).

Plaintiff has also failed to provide the Court with a signed certification regarding trust fund account.  An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004); *see also Moore v. Vantifflin,* 2009 WL 224548, * 1 (E.D. Mich. Jan. 30, 2009).

Finally, Plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.  Plaintiff's complaint is thus subject to dismissal for lack of prosecution because of his failure to correct the deficiency by providing the Court a copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).

Despite having been given the opportunity to do so, Plaintiff has failed to correct the deficiency in this case.  Because Plaintiff has failed to comply with the deficiency order, the Court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 Fed. Appx. 74, 75-76 (6th Cir. 2004).  As a dismissal

without prejudice, this means that, if Plaintiff complies with the deficiency order, he may re-file this case.

Because the Court is dismissing the complaint, the Court will deny, as moot, Plaintiff's motion to stay the complaint[1] (Dkt. 5).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint (Dkt. 1) under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

The Court further **DENIES AS MOOT** Plaintiff's motion for stay and to administratively close the complaint (Dkt. 5).

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
U.S. DISTRICT JUDGE

Dated: July 31, 2015

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 31, 2015, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

---

[1] On April 9, 2015, Plaintiff filed a motion to stay and administratively close this case (Dkt. 5), pending the outcome of his direct state court appeals. Since the Court is dismissing Plaintiff's complaint, without prejudice, he may re-file this case once his direct appeals are exhausted. Plaintiff is cautioned to follow the filing requirements discussed in this order, should he choose to re-file this case.

4